# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| Wilbert A. Neal, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No.: 2:09-244-PMD |
| v. | ) | |
| | ) | |
| D. Drew, Warden, | ) | **ORDER** |
| FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court upon Petitioner Wilbert A. Neal's ("Petitioner") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that Respondent's motion for summary judgment be granted and that Petitioner's § 2241 petition be dismissed. Having reviewed the entire record, including Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner does not object to the procedural background set forth in the Magistrate Judge's R&R; therefore, the court adopts it for purposes of this order. Petitioner is currently incarcerated at the Federal Correctional Institution located in Ashland, Kentucky serving a 240-month term of imprisonment imposed by a North Carolina district judge for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. Neal was initially arrested on December 14, 1993 by Louisville, Kentucky police officers for violation of state drug laws, and on April 19, 1994, he was sentenced to a 7-year state term on these charges. On December 19, 1994, he was indicted in the United States District Court for the Middle District of North Carolina on federal drug charges, and a federal arrest warrant was issued the following day. Ultimately, Petitioner was convicted, and a sentencing hearing

was held on August 29, 1995. The sentencing judge sentenced Petitioner to life imprisonment, which was ordered to run concurrent with any undischarged term of imprisonment the defendant was currently serving in Kentucky. At the time of sentencing, Petitioner was in the primary custody of the state of Kentucky, serving his state sentence.

Petitioner was returned to the state of Kentucky, and in response to the court's order for concurrent service of sentence, the Bureau of Prisons designated the Kentucky Department of Corrections for service of the federal sentence. His federal sentence commenced as of August 29, 1995, the original date of sentencing. On August 6, 1996, Petitioner was released by the state of Kentucky and committed to federal custody. He was awarded 126 days prior custody credit from December 14, 1993, the date of his state arrest, through April 18, 1994, the day before his state term began to run. These days of pre-sentence credit were applied to give Petitioner the full benefit of the federal sentencing judge's order for concurrent service of his federal sentence.

Petitioner subsequently appealed his federal conviction and sentencing, and the Fourth Circuit ultimately vacated the sentence and remanded the matter back to the district court for re-sentencing. He was re-sentenced on December 14, 2001 to a term of 240 months imprisonment. Next, Petitioner filed a § 2255 petition on July 26, 2004, which was dismissed, *sua sponte* and without prejudice, to allow Petitioner to re-file and use the appropriate forms and information. Instead of filing a corrected § 2255 petitioner, however, Petitioner filed a motion before the sentencing judge for correction of judgment, in which he sought to have his federal term "corrected" to grant him full concurrency with the Kentucky sentence, relying on section 5G1.3 of the U.S. Sentencing Guidelines. The sentencing judge denied the motion, as well as Petitioner's subsequent motion for reconsideration. The sentencing judge's denial was affirmed on appeal.

Petitioner then filed a § 2241 Petition with this court, in which he challenges the Bureau of Prison's ("BOP") calculation of his sentence. He argues that the sentencing judge intended to give him credit for the time he served for the state offense, but the BOP failed to compute his sentence with "any reduction for the time served on the state sentence." Because he believes the BOP has "grossly increased" his sentence, Petitioner asks the court to order the BOP to credit him with all of the time he served in state custody. Respondent filed a motion for summary judgment, in which he contends that Petitioner's sentence was properly calculated and asks the court to deny his § 2241 petition. The Magistrate Judge determined that Petitioner's sentence was properly calculated and recommends that the court grant Respondent's motion for summary judgment. Petitioner's objections are before the court.

## **STANDARDS OF REVIEW**

**I.**     **Standard for Reviewing Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## II. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In applying this standard, the court is mindful that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

# ANALYSIS OF PLAINTIFF'S OBJECTIONS

The court first notes that because Petitioner challenges the Bureau of Prison's execution of his sentence, title 28 U.S.C. § 2241 is the appropriate statute by which to assert his claim. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Also, despite the fact that Petitioner has transferred out of the District of South Carolina since the filing of his § 2241 petition, the court can exercise personal jurisdiction over him, as "jurisdiction is determined at the time an action is filed." *United States v. Edwards*, 27 F.3d 564, 1994 U.S. App. LEXIS 16271, at *3 (4th Cir. 1994) ("[S]ubsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction."). *Compare Chaney v. O'Brien*, No. 07-121, 2007 U.S. Dist. LEXIS 29817 (W.D. Va. Apr. 23, 2007) (following *Edwards* and exercising personal jurisdiction over a prisoner who had filed a § 2241 petition while incarcerated in Virginia, although the prisoner was later transferred to a penitentiary in Illinois), *with Anderson v. Drew*, No. 08-3197, 2009 U.S. Dist. LEXIS 45226 (D.S.C. May 21, 2009) (declining to follow *Edwards* and finding that it did not have personal jurisdiction over a prisoner who had been transferred from a penitentiary in South Carolina to a penitentiary in North Carolina).

After reviewing Petitioner's arguments, the Magistrate Judge determined that the court should not order the Bureau of Prisons ("BOP") to credit the contested time against Petitioner's sentence. Petitioner disagrees and believes the BOP should credit him for the time he served for his state sentence prior to the imposition of his federal sentence. It appears that because his amended judgment and sentence stated, "[This sentence shall run concurrently with any undischarged term of imprisonment the defendant is presently serving in Kentucky]," Petitioner believes he should be given credit for all of the time he served for his state sentence. Moreover, because the state offense

was considered relevant conduct for the federal offense in the presentence report, Petitioner believes the sentencing judge intended to give him credit for the amount of time he served in state custody. After reviewing the record, the court agrees with the Magistrate Judge and adopts his recommendation.

The authority to calculate a federal prisoner's period of incarceration of the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992). In addressing any sentencing computation issue, a district court must consider: (1) when the sentence commenced; and (2) the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. *See* 18 U.S.C. § 3585; *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D.Pa.), *affd*, 100 F.3d 946 (3d Cir. 1996). For offenses committed after November 1, 1987, the commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b). Section 3585(b) states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In computing Petitioner's 240-month sentence, the BOP began its computation on August 29, 1995, the date Petitioner's federal sentence was imposed. This is because the sentencing judge ordered the federal sentence to run concurrent with the state sentence, and as a result, Petitioner has been credited for the time he served in state custody between August 29, 1995

and his transfer to federal custody on August 6, 1996. Moreover, the BOP also credited Petitioner for the time he served in state custody between December 14, 1993, the day of his state arrest, and April 18, 1994, the day before his state sentence was imposed. The BOP awarded this pre-sentence state credit, or *Willis* credit, to Petitioner to give him the full benefit of the concurrency order by the federal sentencing judge. Therefore, the only time in state custody Petitioner has not been credited for is the time between April 19, 1994, the date his state sentence was imposed, and August 28, 1995, the day before his federal sentence was imposed. Because the sentencing judge did not adjust Petitioner's sentence to give him credit for this time—as the amended judgment of the court only ordered that the federal sentence run concurrent with the state sentence[1]—the court finds that the BOP has correctly executed Petitioner's sentence as it was ordered. Petitioner's time in state custody between April 19, 1994 and August 28, 1995, was credited towards his state sentence; therefore, pursuant to § 3585(b), the BOP has the authority to deny Petitioner credit for that time served. 18 U.S.C. § 3585(b) (authorizing a defendant to receive credit on his federal sentence for time already served, except for time that has been credited against another sentence).

---

[1]To the extent Petitioner believes the sentencing judge erred by not adjusting his 240-month sentence to take into account the period of time between April 19, 1994 and August 28, 1995, this court lacks the authority to entertain such an argument. Petitioner needs to address that argument to the court that sentenced him pursuant to 28 U.S.C. § 2255, as under § 2241, this court does not have the power to re-sentence Petitioner.

**CONCLUSION**

Based on the foregoing, the court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** Petitioner's § 2241 petition with prejudice.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 23, 2010**
**Charleston, S**C